IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ELL SHEHEE,

    Plaintiff,                       No. CIV S-00-1545 DFL PAN P

    vs.

BRIMHALL, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants Barz and Douglas violated his rights under the Eighth Amendment by acting with deliberate indifference to serious medical needs arising from an injury to his right hand. Plaintiff also claims that defendant Douglas retaliated against plaintiff for filing inmate grievances.

        Pursuant to court order the parties have submitted pretrial statements. In their pretrial statement, defendants contend, <u>inter alia</u>, that plaintiff has filed "numerous prior court cases, including federal civil rights actions alleging his injury has not received due medical attention because medical staff generally have been engaged in a protracted effort to retaliate against him for attempting to vindicate his rights." (Defendants' Pretrial Statement, filed May

31, 2005, at 2.)[1]  Court records reveal at least one such action filed in this court, Shehee v. Peterson, No. CIV S-97-0487 GEB DAD P.[2]  Good cause appearing, the court will reopen the time for filing dispositive motions for a period of forty-five days, during which time any party may file a motion to dismiss and/or for summary judgment.  Defendants may include in their motion, as appropriate, a contention that one or more of plaintiff's claims are barred by the doctrine of res judicata.  The pretrial conference on the papers is vacated and will be reset, as appropriate, by subsequent order of court.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. The parties are granted forty-five days from the date of this order to file and serve a motion to dismiss and/for summary judgment; and

   2. Pretrial conference on the papers is vacated and will be reset, as appropriate, by subsequent order of court.

DATED: April 24, 2006.

             _____
             UNITED STATES MAGISTRATE JUDGE

12
sheh1545.mos

---

[1]  Defendants also seek dismissal of this action due to plaintiff's alleged failure to timely prosecute the case.  In view of the district court's March 24, 2005 order and plaintiff's subsequent timely filing of a pretrial statement, the court would not be inclined to recommend that a motion to dismiss for lack of prosecution be granted.  Nothing in this order, however, precludes defendants from raising that contention, among others, in a dispositive motion.

[2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).